UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JAMES CLAIBORNE MAGEE | CIVIL ACTION |
| VERSUS | NO. 09-5815 |
| RODNEY JACK STRAIN JR., AL STRAIN, DEPUTY GUY | SECTION "R"(4) |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

**I.    Factual Summary**

The plaintiff James Claiborne Magee ("Magee"), was housed in the St. Tammany Parish Jail at the time of the filing of this *pro se* and *in forma pauperis* complaint filed pursuant to 42 U.S.C. § 1983.[1] Magee filed this complaint against the St. Tammany Parish Sheriff Rodney "Jack" Strain, Warden Al Strain, Deputy Guy, the St. Tammany Parish Jail, and "Inmate Diaz."[2]

---

[1] He has since been transferred to the Louisiana State Penitentiary.  Rec. Doc. No. 9.

[2] The amended complaint was filed before this case was transferred from the Western District of Louisiana. Rec. Doc. No. 2. The clerk of that Court apparently failed to note that the amended complaint included the St. Tammany Parish Jail as a defendant, in addition to Deputy Guy and Inmate Diaz.

Magee alleges that, on November 16, 2008, Deputy Guy moved him from cell A500 to the back of the jail. He further alleges that he advised Deputy Guy that he had enemies in that part of the jail and that Lieutenant Longino and Lieutenant Hanson assigned him to the bunk in cell A500 until his trial. He claims that Deputy Guy used foul language and ordered him to pack his things. He also refused to allow Magee to speak with a ranking officer because he feared for his safety. Deputy Guy left the tier, and Deputy Rachel Comoux went to his cell and cuffed Magee. She led him off of the tier to the sallieport. Deputy Guy then approached him from behind and tazered him several times. Magee claims that he fell to the floor, and Deputy Guy continued to tazer him. Inmate Diaz then approached him and kicked him several times, while Deputy Guy continued to shock him. Magee claims that the attack was without warning or provocation. He further alleges that the acts by Deputy Guy constituted excessive force in violation of his constitutional rights.

He requests as relief that he receive an apology, have frivolous disciplinary charges against him dropped, have Deputy Guy fired, and receive $250,000 in compensatory damages and $300,000 for pain and suffering.

**II.     Claims against Jack Strain, Al Strain, the St. Tammany Parish Jail, and Inmate Diaz are Frivolous**

Magee has named Jack Strain and Al Strain as defendants in this case. He has not alleged any factual basis for having done so. He fails to mention either defendant in the body of his complaint, and he has apparently named them only in their roles as Sheriff and Warden, respectively.

Magee has also named the St. Tammany Parish Jail and Inmate Diaz as defendants. Neither of these parties are appropriate defendants under § 1983. The claims against these defendants are frivolous for the following reasons.

### A. Standard of Review for Frivolousness

Title 28 U.S.C. §§ 1915A and 42 U.S.C. §§ 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle,* 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce,* 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams,* 490 U.S. 319 (1989); *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992); *Neitzke,* 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins,* 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy,* 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus,* 976 F.2d 268, 269 (5th Cir. 1992).

### B. Claims Against Sheriff Strain and Warden Strain

A supervisory official, like Sheriff Strain or Warden Strain, cannot be held liable pursuant to § 1983 under any theory of *respondeat superior* simply because an employee or subordinate at the prison allegedly violated the plaintiff's constitutional rights. *See Alton v. Tex. A&M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999); *see also Baskin v. Parker*, 602 F.2d 1205, 1220 (5th Cir. 1979). The Sheriff or Warden may only be liable under § 1983 if he "was personally involved in the acts causing the

deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation." *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981); *Smith v. Brenoettsy*, 158 F.3d 908, 911 (5th Cir. 1998) (citing *Sims v. Adams*, 537 F.2d 829, 831 (5th Cir. 1976)); *see also Watson v. Interstate Fire & Cas. Co.*, 611 F.2d 120 (5th Cir. 1980). This personal involvement also must include a showing of deliberate indifference demonstrating that "'the officials act[ed] with a sufficiently culpable state of mind' and if the alleged wrongdoing was objectively 'harmful enough' to establish a Constitutional violation." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298, 303 (1991)).

Magee does not allege that Sheriff or Warden were present for, or personally involved in, the alleged attack at the jail. Magee has not alleged any action or inaction by either of these defendants. He also has not alleged that he suffered any injury as a result of any directive, supervised training or activity, or other policy set forth by the Sheriff or Warden which would create vicarious liability. *See Thompson v. Upshur County*, 245 F.3d 447, 459 (5th Cir. 1991); *Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir.1992); *see also*, *City of St. Louis v. Praprotnik*, 485 U.S. 112, 124-25 (1988); *Bennett v. Pippin*, 74 F.3d 578, 586 (5th Cir. 1996).

Instead, Magee simply names Sheriff Strain and Warden Strain because of their positions as parish sheriff and warden. Thus, Magee's claims against Sheriff Strain and Warden Strain are frivolous and otherwise fail to state a claim for which relief can be granted pursuant to § 1915(e), § 1915A, and § 1997e.

    **C.**    <u>**Claims Against the St. Tammany Parish Jail**</u>

Magee has named the jail as a defendant in this case. Section 1983 imposes liability on any "person" who violates someone's constitutional rights while acting under color of state law. 42 U.S.C. § 1983 (2006); *see Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989). In accordance with Fed.

R. Civ. P. 17(b), Louisiana law governs whether a defendant can be sued.[3] Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as ". . . an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code art. 24.

The federal courts have resolved that a county (or parish) prison facility is not a "person" within the meaning of Fed. R. Civ. P. 17. *Cullen v. DuPage County*, No. 99 C 1296, 1999 WL 1212570, at *1 (N.D. Ill. Dec. 14, 1999); *Whitley v. Westchester County Corr. Facility Admin.*, No. 97 CIV 0420(SS), 1997 WL 659100, at *6 (S.D.N.Y. Oct. 22, 1997); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993); *Hancock v. Washtenaw County Prosecutor's Office*, 548 F. Supp. 1255, 1256 (E.D. Mich. 1982). The Court finds no law, constitutional, statutory, or otherwise, that defines a parish jail or any unit or department therein to be a person with the capacity to sue or to be sued. A parish jail is, as this Court has previously described, "not an entity, but a building." *See Jones v. St. Tammany Parish Jail,* 4 F. Supp.2d 606, 613 (E.D. La. 1998) (dismissing St. Tammany Parish Jail with prejudice); *Dale v. Bridges*, No. 96-3088, 1997 WL 810033, *1, n.1 (N.D. Tex. Dec. 22, 1997) (Dallas County Jail is not a jural entity capable of being sued), *aff'd*, 154 F.3d 416 (5th Cir. 1998). Thus, the St. Tammany Parish Jail is not a proper defendant in this case.

Furthermore, a parish jail also lacks the capacity to sue or be sued under Louisiana law as required by Rule 17. Although Louisiana courts have not yet ruled on the precise issue of whether a parish jail is a juridical person that can sue or be sued, the Louisiana Supreme Court in *Roberts v. Sewerage and Water Board of New Orleans*, 634 So.2d 341 (La. 1994), set forth a framework within which to determine an entity's juridical status. The Court in *Roberts* stated:

---

[3]Rule 17(b) of the Federal Rules of Civil Procedure provides that "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." *See* Fed. R. Civ.P. 17(b).

> [t]he important determination with respect to the juridical status or legal capacity of an entity is not its creator, nor its size, shape, or label. Rather the determination that must be made in each particular case is whether the entity can appropriately be regarded as an additional and separate government unit for the particular purpose at issue. In the absence of positive law to the contrary, a local government unit may be deemed to be a juridical person separate and distinct from other government entities, when the organic law grants it the legal capacity to function independently and not just as the agency or division of another governmental entity. 1 Sands & Libonati, § 2.18 and authorities cited therein, §§ 2.19, 2.20. Such a determination will depend on an analysis of specifically what the entity is legally empowered to do.

*Roberts,* 634 So.2d at 346-47. In concluding that the Sewerage and Water Board was capable of being sued, the *Roberts* Court focused its analysis on the independent management, financing and operations of the Board. *See id.* at 352.

By contrast, in *City Council of Lafayette v. Bowen*, 649 So. 2d 611, 616 (La. Ct. App. 1994), *writ denied*, 650 So. 2d 244 (La. 1995), the Louisiana Third Circuit Court of Appeals held that under the *Roberts* analysis, the City Council of Lafayette had no capacity to sue or be sued. In so holding, the Court expressly found "no authority, constitutional, statutory, or via home rule charter" that authorized the Lafayette City Council to institute a law suits on its own motion. *Bowen*, 649 So. 2d at 613.

In this case, state law divides responsibility for parish jails. The parishes are charged with their jails' physical maintenance. *See* La. Rev. Stat. Ann. § 15:702 (2010). However, the duty to administer and operate the jails falls on the sheriff of each parish. *See* La. Rev. Stat. Ann. § 15:704 (2010). The office of sheriff is a constitutional one in Louisiana, existing separately from parish government. La. Const., Art. 5, § 27; *see also Langley v. City of Monroe*, 582 So. 2d 367, 368 (La. Ct. App. 1991) (holding that parish could not be liable for injuries attributed to sheriff). Under the *Roberts* framework, the St. Tammany Parish Jail is not "legally empowered to do" anything independently of

either St. Tammany Parish or the St. Tammany Parish Sheriff. *Roberts*, 634 So. 2d at 347. The jail is not a separate entity, but merely a shared branch or facility of these two greater entities.

For all of these reasons, the St. Tammany Parish Jail is not a proper defendant over which this Court can exercise jurisdiction under Fed. R. Civ. P. 17. Accordingly, Magee's claims against the St. Tammany Parish Jail should be dismissed as frivolous and for failure to state a claim for which relief can be granted.

### D. Claims Against Inmate Diaz

Magee also named an inmate identified only as Diaz as a defendant. He claims that Diaz kicked him while he was being tazered by Deputy Guy.

As noted above, § 1983 imposes liability on any person who violates someone's constitutional rights under color of law. 42 U.S.C. § 1983 (2006); *Will*, 491 U.S. at 58. Under § 1983, the plaintiff must prove that a constitutional violation occurred, and that the defendant's actions were taken under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978). Without state action, or some proof of an overt joint action the State or one of its agents, to violate his constitutional rights, there is no liability under § 1983 by a private person or non-state actor. *Dennis*, 449 U.S. at 27-28; *Pete*, 8 F.3d at 216-17; *Hobbs v. Hawkins*, 968 F.2d 471, 480 (5th Cir. 1992). In this case, Magee has not alleged this against Inmate Diaz. *Rodriguez v. Neeley*, 169 F.3d 220, 222 (5th Cir. 1999); *Young v. Biggers*, 938 F.2d 565, 569 (5th Cir. 1991); *Dayse v. Schuldt*, 894 F.2d 170, 173 (5th Cir. 1990). His claims against Inmate Diaz are therefore frivolous and otherwise fail to state a claim for which relief can be granted pursuant to § 1915 and § 1915A.

## III. The Remaining Claims in the Petition are Malicious

Title 28 U.S.C. § 1915(e)(2)(B) and § 1915A require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous or

malicious. It has long been resolved that repetitious litigation raising the same cause of action as a previous or pending lawsuit is subject to dismissal under § 1915(e)(2)(B) and § 1915A as malicious. *Pittman v. Moore*, 980 F. 2d 994, 995 (5th Cir. 1993) (claims which duplicate claims pending in another federal action by the same plaintiff are "malicious"); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988); *see also Wilson v. Lynaugh*, 878 F.2d 846, 849-50 (5th Cir. 1989).

The claims raised herein are identical to claims raised in another suit, *Magee v. St. Tammany Parish Jail*, Civ. Action 09-5839"R"(4), which was opened on September 23, 2009, and remains pending before the Court. In that complaint, Magee named as defendants the St. Tammany Parish Jail, Deputy Guy, and Inmate Diaz, setting forth an identical claim of excessive force for the same incident on November 16, 2008.[4] The Court has already dismissed the claims against the St. Tammany Parish Jail and Inmate Diaz in that civil action as frivolous.[5]

Because the claims in this action are duplicitous of those raised in Magee's other pending civil action, the remainder of the complaint against Deputy Guy is subject to dismissal as malicious under § 1915(e)(2)(B) and § 1915A.

**IV.  Recommendation**

It is therefore **RECOMMENDED** that Magee's § 1983 claims against Sheriff Rodney Jack Strain, Warden Al Strain, the St. Tammany Parish Jail, and Inmate Diaz be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim for which relief can be granted pursuant to 28 U.S.C. § 1915(e) and § 1915A, and 42 U.S.C. § 1997e.

---

[4]Civ. Action No. 09-5839"R"(4), Rec. Doc. No. 1.

[5]*Id.*, Rec. Doc. Nos. 16, 18.

It is further **RECOMMENDED** that the remainder of Magee's § 1983 complaint against Deputy Guy be **DISMISSED WITHOUT PREJUDICE** as malicious and duplicitous of Civ. Action No. 09-5839"R"(4).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[6]

New Orleans, Louisiana, this 15th day of June, 2010.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[6]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.